UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD DEAN LIVINGSTON,

       Petitioner,                                Case No. 14-cv-11897
                                                                 Hon. Matthew F. Leitman

v.

ROBERT NAPEL,

       Respondent.
_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE (ECF #23), (2) HOLDING PETITION IN ABEYANCE, AND (3) ADMINISTRATIVELY CLOSING THE CASE**

       Petitioner Richard Livingston ("Livingston") is a state prisoner confined at the Macomb Correctional Facility in New Haven, Michigan. On May 9, 2014, Livingston filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.)

       Petitioner has now filed a "Motion to Hold Habeas Petition in Abeyance" (the "Motion"). (*See* ECF #23.) In the Motion, Livingston asks the Court hold the Petition in abeyance. (*See id.*) Livingston seeks such relief so that he can return to state court and raise additional, unexhausted claims that are not currently included in the Petition. The Motion is unopposed. The Court **GRANTS** the Motion.

       Even where a district court determines that a stay is appropriate, the court "should place reasonable time limits on a petitioner's trip to state court and back" to ensure that

there is not unnecessary delay. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Thus, the Court's decision to hold the Petition in abeyance is conditioned upon Petitioner (1) initiating proceedings in state court within ninety days of receiving this Order and (2) returning to this Court within ninety days of exhausting his state-court remedies. *See Hargrove v. Brigano,* 300 F.3d 717, 721 (6th Cir. 2002); *see also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

In order to properly exhaust his claims in state court, Petitioner must first file a motion for relief from judgment with the St. Clair County Circuit Court under Michigan Court Rule 6.502. *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009); *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). If the state circuit court denies Petitioner's motion, then in order to fully exhaust his claims, Petitioner must seek leave to appeal in the Michigan Court of Appeals, and, if necessary, in the Michigan Supreme Court. *See* M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997); *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Accordingly, **IT IS HEREBY ORDERED** that the Court will **HOLD THE PETITION IN ABEYANCE**. Within ninety days of his receipt of this Order, Petitioner must (1) file a motion for relief from judgment in the state court and (2) notify this Court in writing that he has filed that motion. If he fails to file his motion in state court or notify the Court that he has done so, the Court will reinstate the original Petition to the Court's active docket and will proceed to adjudicate only those claims that were raised in

the Petition. Within ninety days of exhausting his new claims in state court, Petitioner shall file with this Court an Amended Petition that includes any new claims for habeas relief. The failure to do so will result in the Court adjudicating the merits of only the claims raised in the initial Petition.

For administrative purposes, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-44 (E.D. Mich. 2015).

It is further **ORDERED** that upon receipt of an Amended Petition, the Court will order the Clerk of the Court to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 24, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113